IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RLI INSURANCE COMPANY,   )<br>  )<br>   Plaintiff,   )<br>  )<br>v.    )<br>  )<br>THE MOBILE COUNTY COMMISSION, et al.)<br>  )<br>   Defendants.    ) | CIVIL ACTION NO.<br>06-0027-BH-B |

**ORDER**

This action is before the Court on a motion (Doc. 32) filed by Speaks & Associates Engineers, Inc. and William G. Luker, defendants herein ("collectively "Speaks & Associates"), to amend their answer to add a third-party claim against George B. Hardee Construction Company, Inc. ("Hardee") and to file a counterclaim against the plaintiff, RLI Insurance Company ("RLI").  Upon consideration of the motion, RLI's response in opposition (Doc. 37) thereto, Speaks & Associates' supplemental brief (Doc. 36), the proposed amendments, and all other pertinent portions of the record, the Court concludes and it is therefore **ORDERED**, for the reasons stated by RLI, that the motion to amend is due to be and is hereby **DENIED**.  With respect to the proposed counterclaim against RLI, Speaks & Associates' contention that the Takeover Agreement entered into by Mobile County with RLI provides indemnity for any third party to that contract is specious.  With respect to the proposed third party complaint against George B. Hardee Construction Company, Inc. ("Hardee"),  Speaks & Associates' reliance upon Alabama's

recognition of an active/passive negligence to the general rule of no contribution among joint tortfeasors is similarly specious.  It is not RLI's position that the non-party Hardee created some defect in the subject roadway, which Speaks & Associates failed to discover, and that RLI suffered injury because of Hardee's defect.  *Cf, Mallory v. Druhan,* 17 Ala. App. 365, 84 So. 874 (1920).  As alleged in the complaint, Speaks & Associates' liability for allegedly failing to use the requisite degree of care is independent of Hardee, and any violation of that degree of care is affirmative negligence for which Speaks & Associates has failed to demonstrate any possible duty on Hardee's part to indemnify.

**DONE** this 20th day of July, 2006.

s/ W. B. Hand<br>SENIOR DISTRICT JUDGE