```
        IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION


RLI INSURANCE COMPANY,           *
                                 *
     Plaintiff,                  *
                                 *
vs.                              *   CIVIL ACTION No. 06-00027-BH-B
                                 *
THE MOBILE COUNTY COMMISSION,    *
et al.,                          *
                                 *
     Defendants.                 *
```

## ORDER

This case is before the Court on Defendants Speaks & Associates Consulting Engineers, Inc. and William G. Luker's Motion for Order Compelling Plaintiff to Supplement its Response to Defendants' Second Set of Interrogatories and Requests for Production of Documents(Doc. 46) and Defendants' Motion for Plaintiff's Counsel to Disclose Whether He Intends to Testify at Trial. (Doc. 67). Also pending before the Court is Plaintiff's Motion to Compel the Mobile County Commission to respond to Plaintiff's Interrogatories and Requests for the Production of Documents. (Doc. 65).

Turning first to Defendants Speaks & Associates Consulting Engineers, Inc. and William G. Luker's Motion for Order Compelling Plaintiff to Supplement its Response to Defendants' Second Set of Interrogatories and Requests for Production, the undersigned observes that the scope of discovery is governed by Rule 26 of the Federal Rules of Civil Procedure, which permits the discovery of any

non-privileged material "relevant to the claim or defense of any party" and relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Rule 26 (b)(1), Fed. R. Civ. P. While relevance for the purposes of discovery is defined broadly, the right to discovery is not unlimited and does have "ultimate and necessary boundaries". Hickman v. Taylor, 329 U.S. 495, 507 67 S. Ct. 385, 91 L.Ed. 451 (1947).

Defendants assert that Plaintiff provided inadequate responses to Interrogatory Numbers 4 and 5, and Production Requests Numbers 1, 2, 3, and 4. Interrogatory No. 4 and Production Request No. 3 seek information regarding any money, within the last ten (10) years, which Plaintiff has provided to George B. Hardee, and a copy of all documents, correspondence, etc., that in any way relate to money provided to George B. Hardee. In its response, Plaintiff objects to the requests on the grounds that they are overly broad, unduly burdensome and seek information not relevant to the case. Plaintiff also responds that beginning in approximately January 2002, up through the current date, the company made cash advances to Hardee Construction totaling $300,000.00 and paid claims and incurred expenses on bonded Hardee projects in the amount of approximately $5,905,187.74. Plaintiff also objected to producing records related to money provided to George B. Hardee, and asserts that the requested material is not relevant and the requests are overly broad. In this case, RLI, which acted as the surety for

George B. Hardee, asserts that Mobile County Commission improperly terminated Hardee from a road project know as Highpoint Boulevard. The parties do not dispute that Hardee and the Mobile County Commission entered into a road project contract on February 5, 2001, and that Hardee was terminated from the contract on October 10, 2002. Although it is clear that the contract was in existence less than two years, Defendants insist that they are entitled to information regarding money payments to Hardee going back ten (10) years. Moreover, notwithstanding Plaintiff's objection that the requests are overly broad, Defendants have taken no steps to narrow the scope of the requests so as to focus them on the time period in question. As written, the requests seek information regarding money payments to Hardee over a ten-year period. The undersigned finds that the requests are overly broad because it is not Harden's financial condition ten years ago that is pertinent to this case, but the company's condition immediately prior to and during the existence of the contract. Accordingly, Defendants' request to compel responses to Interrogatory No. 4 and Production Request No. 3 is **DENIED.**

In Interrogatory No. 5, Defendants seek information regarding any discussions or threats or actions by Plaintiff against Hardee regarding any failure to make repayment on any loan amount. Production Request No. 4 seeks any documents or other materials related to Plaintiff's response to Interrogatory No. 5. These requests do not contain any time limitations, nor do they seek to

3

focus the inquiry on the contract at issue in this case. Accordingly, the undersigned finds that as written, they are overly broad.  Thus, Defendants' request to compel responses to Interrogatory No. 5 and Production Request No. 5 is **DENIED**.

Production Request No. 1[1] seeks documents and materials related to Harden's involvement in various contract projects.  According to Defendants, Harden was working on the referenced projects at the same time that Plaintiff was working on the project in dispute in this case.  Defendants contend that documents regarding the other projects could, conceivably, support their theory that Harden was overextended, and thus properly terminated from the Highpoint Boulevard project.  Plaintiff objects to the relevancy of the requested documents, and further contends that it is not in possession of Harden's construction files.  Because the requested materials might shed light on Harden's operations during the relevant period, Plaintiff is **DIRECTED** to search its files for any responsive materials within its possession, custody, or control, and produce such documents no later than **November 2, 2006.** To the extent Plaintiff claims privilege with respect to any of the requested documents, Plaintiff shall submit a privilege log documenting the basis of its contention.

Also pending before the Court is Plaintiff's Motion to Compel the Mobile County Commission to respond to Plaintiff's

---

[1] Production Request 2 is a duplicate of production request No. 1.

4

Interrogatories and Requests for the Production of Documents. (Doc. 65).  According to Plaintiff, the Mobile County Commission was served with Plaintiff's Interrogatories and Requests for the Production of Documents on July 27, 2006, and despite repeated requests, Defendant failed to respond to Plaintiff's discovery requests.  In its responses to Plaintiff's motion, the Mobile County Commission did not contest the assertions contained in Plaintiff's Motion.  Accordingly, Plaintiff's Motion is **GRANTED**, and the Mobile County Commission is hereby **ORDERED**, to the extent it has not already done so, to fully respond to Plaintiff's discovery requests, including the production of any responsive documents, by **November 2, 2006.**

Defendant Speaks & Associates Consulting Engineers, Inc., and Defendant William G. Luker have also filed a motion wherein they request an order compelling Plaintiff's counsel to disclose whether he intends to testify at trial. (Doc. 67).  The undersigned has reviewed Plaintiff's response, and concludes that Defendants' motion is due to be **DENIED**.  Plaintiff's counsel has expressly stated that he does not anticipate offering testimony at the trial of this case. Accordingly, Defendants' motion is **DENIED** as **MOOT**.

DONE this **20th** day of **October 2006**.

                                       **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**